IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>        Plaintiff,<br><br>    v.<br><br>Norman Chu, Individually and as Trustee of the Norman Chu and Sylvia Chu 1989 Revocable Living Trust, Dated November 11, 1989; Sylvia Chu, Individually and as Trustee of the Norman Chu and Sylvia Chu 1989 Revocable Living Trust, Dated November 11, 1989,<br><br>        Defendants. | 2:11-cv-01005-GEB-GGH<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

        Plaintiff filed a "Notice of Settlement" on August 1, 2011, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 9.)

        Therefore, a dispositional document shall be filed no later than August 31, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on August 15, 2011, is continued to commence at 9:00 a.m. on October 3, 2011, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).